Kevin D. Smith (State Bar No. 113633)
ksmith@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant, PELOTON INTERACTIVE, INC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

S.S., a minor, by and through his Guardian ad Litem Eunjin Stern; EUNJIN STERN, an individual and WILLIAM STERN, an individual,

Plaintiffs,

v.

PELOTON INTERACTIVE, INC. and DOES 1 through 50, Inclusive,

Defendants.

Case No. 3:21-cv-01367-BEN-DEB

**DEFENDANT PELOTON INTERACTIVE, INC.'S MEMORANDUM OF FACTS AND LAW**

Honorable Roger T. Benitez

Pre-trial conference: April 3, 2023
Time: 10:30 a.m.
Crtrm: 2B

Defendant, Peloton Interactive, Inc. ("Peloton") hereby respectfully submits the following Memorandum of Facts and Law pursuant to CivLR 16(f) as follows:

## A. GENERAL

### I. STATEMENT OF FACTS

#### a. The Tread +

Peloton released a treadmill product now called the Tread+ in September 2018, which passed all applicable safety standards applicable to treadmills, namely ASTM F2106-12, ASTM F1749-15; ASTM F2115-12; ASTM F2276-10, and UL 1647: 2015. The Tread+ is a slat-belt design, which provides a running surface made up of individual slats rather than a traditional solid belt.



WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

When the Tread+ is delivered and set up for consumers, it comes with a user manual, safety card, and on-device warnings to keep children, pets and objects away from it. The warnings, include warnings that the device should not be used by children under 16, children and pets should be kept away from it, and the area around and behind the Tread+ should be clear when in use, among other warnings. Despite the provided warnings, Peloton became aware of three incidents in 2019 where children were injured by coming into contact with the Tread+ while it was in use.

On November 29, 2019, William Stern ("William") purchased a Tread+ for home use. On December 5, 2019, Plaintiff Eunjin Stern ("Eunjin") accepted delivery of the Tread+ and directed that it be set up in the first-floor guest bedroom of the Sterns' family home in San Diego, California. At the time of delivery of the Tread+, Eunjin and William lived in their home with their two minor sons, one of which is Plaintiff S.S. ("Sidney"). William commenced use of the Tread+ after delivery. William testified that he would usually use the Tread+ with the guest room door closed unless no one else was home.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

### b. The Incident

On the evening of March 19, 2020, William was using the Tread+ while Eunjin and his sons were home. William does not recall whether he closed the door to the guest room before commencing his workout on the Tread+; however, at some point in his workout, Sidney came into the guest room. William testified that Sidney was sucked under the Tread+ although he does not recall specifically seeing this occurring. William testified that he jumped off of the Tread+ and tried to pull Sidney out while the Tread+ was still running, but could not and called to his wife for help. Eunjin came to the guest room and after trying to pull Sidney out, turned off the Tread+ by pulling its safety key so that Sidney could be extricated. These events transpired over 15-45 seconds.

/ / /

Less than 10 minutes after the Tread+ was stopped to tend to Sidney, William resumed his workout on the Tread+. Sidney was never taken for medical treatment. Subsequently, William logged hundreds of workouts on the Tread+ and did not stop using it until August 2021, even though Peloton offered a full refund starting on May 5, 2021.

William reached out to Peloton several times post-incident, but never reported the subject incident or injuries to Sidney. In his initial call to Peloton on July 23, 2020, he asked for the Tread+ to be moved to the garage because the guest room was going to be converted to a nursery. In five subsequent contacts with Peloton in June-July 2021, William never mentioned the incident or Sidney's injuries, or seek a refund, but rather he sought parts or information to continue his use of his Tread+. In addition to never speaking to Peloton about the incident, William and Eunjin never mentioned the incident to their friends, family or co-workers.

**c. Claimed Injuries**

William and Eunjin testified that Sidney suffered some cuts, bruises and abrasions, which healed within a few weeks. They have produced a single undated photograph, which was taken by William either the day of or the next day, that shows Sidney's alleged injuries. William and Eunjin admit that they did not seek medical care for Sidney or report this incident to Sidney's pediatrician. William and Eunjin also admit that they did not report this incident to Peloton, or discuss it with any friends or family.

William and Eunjin claim they are suffering the enduring effects of Post-Traumatic Stress Disorder from seeing Sidney trapped under the Tread+, which has impacted their relationship with each other, as well as, how they parent their children. William and Eunjin did not seek any type of medical care for nearly two and half years. In September 2022, they began seeing therapist, Richard Levak, Ph.D. At the close of discovery, the total cost of treatment was $1,180.00, or $295.00 per visit.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Sidney, in addition to his physical injuries, claims to have suffered emotional distress, which presents itself as wariness around the Tread+, which is still kept in the guest room of his home. He does not have any medical bills.

Peloton disputes that Sidney was pulled under or injured by the Tread+ that was in use by William, as his claimed physical injuries are inconsistent with same. Similarly, Peloton disputes the nature and extent of emotional distress that was suffered by Eunjin, or that she has suffered Post-Traumatic Stress Disorder.

## II. APPLICABLE LAW

Eunjin and Sidney are the current plaintiffs in this matter, as William's claims are being pursued in arbitration per the Court's order. Eunjin and Sidney jointly assert a claim of Negligence. In addition, Sidney is asserting a claim for Negligent Infliction of Emotion Distress as a direct victim. Eunjin also is asserting claims for Negligent Infliction of Emotion Distress – Bystander theory; Intentional Misrepresentation; Negligent Misrepresentation; and Intentional Concealment.

### a. Negligence

To establish a claim for negligent design or manufacturing of a product, a plaintiff must show that the defendant failed to use the amount of care in designing or manufacturing the product that a reasonably careful designer or manufacturer would use in the circumstances. *Howard v. Omni Hotels Magmt. Corp*., 203 Cal.App.4th 403, 428, 430 (2012). Here, Eunjin and Sidney must prove that Peloton was negligent in its design and manufacturing despite the Tread+ passing all required safety testing and the lack of a malfunction of the Tread+ while in use.

### b. Negligent Infliction of Emotional Distress – Direct Victim

To establish a claim for Negligent Infliction of Emotional Distress, Sidney must show that his emotional distress arose out of Peloton's breach of some other legal duty. *Chanconas v. JP Morgan Chase Bank*, 713 F.Supp.2d 1180, 1187 ( S.D. Cal. 2010). Sidney must establish that Peloton breached its duty of care in designing or manufacturing the Tread+ despite independent laboratory testing and

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

certifying the Tread+ to applicable standards for treadmills. Sidney must also establish that he has suffered some distress despite no medical care.

**c. Negligent Infliction of Emotional Distress – Bystander**

"[A] plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim ; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances." *Thing v. La Chusa*, 48 Cal.3d 644, 647 (1989). A plaintiff only suffering emotional distress must have a contemporaneous sensory awareness of the causal connection between the company's defective product and the resulting injury. *Fortman v. Förvaltningsbolaget Insulan AB*, 212 Cal.App.4th 830, 836 (2013). Similar to Sidney, Eunjin must establish a breach of duty by Peloton in its design or manufacture of the Tread+, which resulted in injury to Sidney and emotional distress to Eunjin in witnessing same.

**d. Intentional Misrepresentation**

Intentional misrepresentation requires the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1816 (1996). Actionable misrepresentations must pertain to past or existing material facts. Statements or predictions regarding future events are deemed to be mere opinions which are not actionable. *Cansino v. Bank of America*, 224 Cal.App.4th 1462, 1469 (2014). "Puffing," or sales talk, is generally considered opinion, unless it involves a representation of product safety. *Hauter v. Zogarts*, 14 Cal.3d 104, 112 (1975). There must be a complete causal relationship where the misrepresentation was a

substantial factor in bringing about the damages. *Williams v. Wraxall*, 33 Cal.App.4th 120, 132 (1995).

Eunjin, who was not the purchaser of the Tread+, must establish that some false representation by Peloton induced her reliance and purchase of the Tread+, and the false representation caused her injuries. Peloton denies that Eunjin relied on any representations by Peloton.

**E. Negligent Misrepresentation**

Negligent misrepresentation requires an assertion of fact, falsity of that assertion, and the tortfeasor's lack of reasonable grounds for believing the assertion to be true. It also requires the tortfeasor's intent to induce reliance, justifiable reliance by the person to whom the false assertion of fact was made, and damages to that person. An implied assertion of fact is 'not enough' to support liability. *SI 59 LLC v. Variel Warner Ventures, LLC*, 29 Cal.App.5th 146, 154 (2018) Actionable misrepresentations must pertain to past or existing material facts. Statements or predictions regarding future events are deemed to be mere opinions which are not actionable. *Cansino v. Bank of America*, 224 Cal.App.4th 1462, 1469 (2014).

Eunjin must establish that Peloton had no reasonable grounds to believe in any of its representations, which resulted in Eunjin's reliance and eventual damages. Peloton denies that Eunjin relied on any representations made by it.

**F. Intentional Concealment**

Intentional Concealment requires 1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. *Bank of America Corp. v. Superior Court*, 198 Cal.App.4th 862, 870 (2011).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Eunjin must establish that despite the warnings in the user manual, safety card, online availability, and on-device warnings that Peloton concealed that the Tread+ was not suitable for use around children. Peloton contends that it provided adequate warnings.

**G. Comparative Fault of William and Eunjin Stern**

A defendant is permitted to present evidence to a jury of responsibility of various parties for an injury. *Pfeifer v. John Crane, Inc.*, 220 Cal.App.4th 1270, 1285 (2013). A claimant's negligence contributing causally to his own injury may be considered as a factor to be considered in measuring the amount thereof. *Bradfield v. TransWorld Airlines, Inc.* 88 Cal.App.3d 681, 686 (1979).

Peloton asserts that William and Eunjin are wholly responsible for the injuries to Sidney, and to Eunjin. William failed to heed the warnings in the user manual, safety card, online, or on-device to keep children away from the Tread, failed to use the available safety equipment on the Tread+, and failed to ensure that the door to the guest room was closed and locked, or some other method to prevent access. Similarly, Eunjin was responsible for watching the children while William was using the Tread+, and did not.

**H. Punitive Damages**

In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant. Cal.Civ. Code section 3294(a). For corporate punitive damages liability, section 3294, subdivision (b), requires that the wrongful act giving rise to the exemplary damages be committed by an 'officer, director, or managing agent. (*White v. Ultramar, Inc.,* 21 Cal.4th 563, 572 (1999).

To be entitled to punitive damages, Sidney and Eunjin must establish that Peloton despite its instructions, warnings, and reminders to its customers regarding

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

keeping children away from the Tread+, Peloton acted with oppression, fraud or malice to cause injury to them.

**B. ABANDONED CLAIMS**

Eunjin and Sidney have not abandoned any claims made in their Complaint.

**C. PELOTON'S EXHIBITS**

S.S. v. Peloton Interactive, Inc., Case No. 3:21-cv-01367-BEN-DEB

List of Exhibits of Peloton Interactive, Inc.

| Number | Date Marked | Date Admitted | Description |
|---|---|---|---|
| A | | | Photograph of Sidney |
| B | | | Peloton Safety Card PEL-STERN-000001 |
| C | | | Pelton User Manual PEL-STERN-000002-000029 |
| D | | | Peloton on-device warnings PEL-STERN-000030 |
| E | | | March 18, 2021 Note from John Foley about Tread+ |
| F | | | April 17, 2021 CPSC Warning |
| G | | | April 17, 2021 Peloton Response to CPSC Warning |
| H | | | April 21, 2021 Follow-up note from John Foley |
| I | | | May 5, 2021 Recall Notice for Tread+ |
| J | | | Introducing Peloton Family Classes blog post |
| K | | | Undated marketing photograph |

| | | | |
|---|---|---|---|
| L | | | Marketing video |
| M | | | Marketing video |
| N | | | Peloton social media posts PEL-STERN-033879-033898 |
| O | | | Tread Specification Sheet |
| P | | | Sidney photograph with notations |
| Q | | | Hand drawing of guestroom at time of incident |
| R | | | Hand drawing of current guestroom by William Stern |
| S | | | Hand drawing of guest room March 2020 by William Stern |
| T | | | July 23, 2020 at 7:13pm contact from William Stern to Peloton |
| U | | | July 23, 2020 at 7:23pm contact from William Stern to Peloton |
| V | | | June 10, 2021 contact from William Stern to Peloton |
| W | | | July 12, 2021 at 4:46 pm contact from William Stern to Peloton |
| X | | | July 12, 2021 at 5:24 pm contact from William Stern to Peloton |
| Y | | | July 12, 2021 at 6:52 pm contact from William Stern to Peloton |
| Z | | | July 16, 2021 contact from William Stern to Peloton |
| AA | | | Recorded call from William Stern to Peloton PEL-STERN 31823 |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

| | | | |
|---|---|---|---|
| AB | | | Recorded call from William Stern to Peloton PEL-STERN 31909 |
| AC | | | Recorded call from William Stern to Peloton PEL-STERN 31910 |
| AD | | | Recorded call from William Stern to Peloton PEL-STERN 31911 |
| AE | | | Recorded call from William Stern to Peloton PEL-STERN 31912 |
| AF | | | Photograph of Sidney with notations |
| AG | | | Hand drawing of guest room October 2022 by Eunjin Stern |
| AH | | | YouTube channel: Eunjin Audrey |
| AI | | | YouTube video: Father's Day 2022 |
| AJ | | | YouTube video: Trent Park |
| AK | | | YouTube video: Dad Cherishes Time |
| AL | | | YouTube video: Welcome Home, Dad |
| AM | | | YouTube video: Sidney Scared Me! |
| AN | | | YouTube video: We Found the Best Mexican Food Ever! |
| AO | | | YouTube video: Best Summer Vacation Ever? |
| AP | | | YouTube video: What's the Best Tequila? |
| AQ | | | Ad with woman and child doing yoga |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

| | | | |
|---|---|---|---|
| AR | | | Independent Psych Exam of Eunjin Stern |
| AS | | | Independent Psych Exam of William Stern |
| AT | | | October 13, 2022 letter from Richard Levak, Ph.D. |
| AU | | | GAD-7 for Eunjin Stern |
| AV | | | PTSD Checklist for William Stern |
| AW | | | Letter to Mr. Nehora |
| AX | | | Invoices from Scott C. Matthews, M.D. |
| AY | | | October 24, 2022 Report |
| AZ | | | Case Notes |
| BA | | | November 2022 Life Care Plan |
| BB | | | Cost Resource Index |
| BC | | | Kathleen Rodowicz CV and testimony list |
| BD | | | Kathleen Rodowicz's October 24, 2022 Report |
| BE | | | Kathleen Rodowicz Faro Focus laser scans of July 20, 2022 |
| BF | | | Kathleen Rodowicz scaled plan views |
| BG | | | Kathleen Rodowicz's site inspection photographs taken on July 20, 2022 |
| BH | | | Kathleen Rodowicz Expert File |
| BI | | | Douglas Young CV and testimony list |
| BJ | | | Douglas Young, November 14, 2022 Report |
| BK | | | ANSI Z535.1 – 2011 |
| BL | | | ANSI Z535.4 – 2011 |
| BM | | | ASTM F2115-12 |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

| | | | |
|---|---|---|---|
| BN | | | ASTM F1749-15 |
| BO | | | ASTM F2276-10 |
| BP | | | American College of Sports Medicine Health/Fitness Standards and Guidelines |
| BQ | | | Douglas Young Expert file |
| BR | | | Christopher Thompson, M.D. CV and testimony list |
| BS | | | Christopher Thompson, M.D. November 14, 2022 report re Eunjin Stern |
| BT | | | Christopher Thompson, M.D. November 14, 2022 report re William Stern |
| BU | | | Christopher Thompson, M.D. Expert file |
| BV | | | Matthew Carroll, M.D. CV and testimony list |
| BW | | | Matthew Carroll, M.D. February 28, 2023 report re Eunjin Stern |
| BX | | | Eunjin Stern MMPI-2 Report |
| BY | | | Eunjin Stern MCMI-IV Report |
| BZ | | | Matthew Carroll, M.D. February 28, 2023 report re William Stern |
| CA | | | William Stern MMPI-2 Report |
| CB | | | William Stern MCMI-IV Report |
| CC | | | Matthew Carroll, M.D. Expert file |
| CD | | | Richard Levak, Ph.D. Subpoenaed Records re Eunjin Stern |
| CE | | | Richard Levak, Ph.D. Subpoenaed Records re William Stern |

**D. <u>WITNESSES</u>**

1. S.S., 15862 Pomerol Lane, San Diego, CA 92129
2. Eunjin Stern, 15862 Pomerol Lane, San Diego, CA 92129
3. William Stern, 15862 Pomerol Lane, San Diego, CA 92129

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

4. Maureen Coiro, Product Management Director for Defendant Peloton c/o Jade N. Tran, Esq., Wood, Smith, Henning & Berman LLP, 10960 Wilshire Boulevard, 18th Floor, Los Angeles, California 90024-3804

5. James Gunipero, Senior Director, Quality for Defendant Peloton c/o Jade N. Tran, Esq., Wood, Smith, Henning & Berman LLP, 10960 Wilshire Boulevard, 18th Floor, Los Angeles, California 90024-3804

6. Daniel Feinberg, Senior Product Manager for Defendant Peloton c/o Jade N. Tran, Esq., Wood, Smith, Henning & Berman LLP, 10960 Wilshire Boulevard, 18th Floor, Los Angeles, California 90024-3804

7. Betina Evancha, Vice President, Product Management for Defendant Peloton c/o Jade N. Tran, Esq., Wood, Smith, Henning & Berman LLP, 10960 Wilshire Boulevard, 18th Floor, Los Angeles, California 90024-3804

**8. Kathleen Allen Rodowicz, Ph.D., P.E., Exponent, 3440 Market Street, Suite 600, Philadelphia, Pennsylvania 19104**

Dr. Rodowicz obtained her doctorate in Mechanical Engineering from Drexel University in 2008. She performed a site inspection and has evaluated the parties' discovery, depositions, photograph of Sidney. She is expected to render opinions in this matter with respect to her evaluation with respect to the biomechanics of the alleged incident and whether the incident as described by William and Eunjin could have resulted in the injuries to Sidney, or her opinion as to the cause of Sidney's injuries.

**9. Christopher R. Thompson, M.D., 10850 Wilshire Blvd., Suite 850 Los Angeles, CA 90024**

Dr. Thompson is a medical doctor who is board certified in the area of psychiatry. Dr. Thompson did not see Eunjin or William, but he reviewed the parties' discovery and the expert reports of Dr. Matthews and Jan Roughan. Dr. Thompson will be rendering rebuttal opinions as to the treatment recommended by Eunjin and Sidney's retained psychiatrist, Dr. Matthews and whether the recommended treatment

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

is reasonable and necessary. He will also be providing opinions as to whether the value of the life care plan provided by Eunjin and Sidney's retained life care planner, Jan Roughan, is reasonable and necessary, and his opinion as to the reasonable and necessary treatment will be for Eunjin.

**10. Douglas E. Young, Ph.D., Exponent, 5401 McConnell Avenue, Los Angeles, California 90066**

Dr. Young holds a doctorate in kinesiology and is a human factors expert. Dr. Young will be testifying as to his review of the parties' discovery, his evaluation of the relevant testing standards applicable to treadmills, and whether Peloton met the requisite standards with respect to safety testing and warning labels. Dr. Young will also be serving as a rebuttal expert to Eunjin and Sidney's retained expert, Dr. Laura Miele.

**11. Matthew F. Carroll, M.D., 501 W Broadway # 1340, San Diego, CA 92101**

Dr. Carroll is a medical doctor who is board certified in the area of psychiatry. Dr. Carroll performed independent medical examinations of William and Eunjin, reviewed the parties' discovery, and reviewed the reports of Dr. Matthews and Janu Roughan. Dr. Carroll will be testifying with respect to the opinion of Eunjin and Sidney's retained psychiatrist, Dr. Matthews that William and Eunjin are suffering from emotional distress and in particular, Post-Traumatic Stress Disorder, and whether the recommended treatment is reasonable and necessary. He will also be providing opinions as to whether the value of the life care plan provided by Eunjin and Sidney's retained life care planner, Jan Roughan, is reasonable and necessary, as

/ / /

/ / /

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

well as, his opinions on what the reasonable and necessary treatment will be for Eunjin.

DATED: March 6, 2023

WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Kevin D. Smith*
KEVIN D. SMITH
Attorneys for Defendant, PELOTON INTERACTIVE, INC.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# CERTIFICATE OF SERVICE

**Eunjin Stern v. Peloton**
**Case No. 3:21-cv-01367-BEN-DEB**

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On March 6, 2023, I served the following document(s) described as **DEFENDANT PELOTON INTERACTIVE, INC.'S MEMORANDUM OF FACTS AND LAW** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 6, 2023, at San Diego, California.

*/s/ Kate M. Baker*
Kate M. Baker

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**SERVICE LIST**
**Eunjin v. Peleton**
**Case No. 3:21-cv-01367-BEN-DEB**

Rick J. Nehora, Esq.
Nehora Law Firm, APC
23 Corporate Plaza Drive
Suite 150
Newport Beach, CA 92660
Tel: (949) 629-4349
Email: rnehora@nehoralaw.com
**Attorneys for PLAINTIFFS, S.S., a minor; EUNJIN STERN and WILLIAM STERN**

Erin M. Bosman, Esq.
Julie Y. Park, Esq.
Alexandra P. Barlow, Esq.
Morrison & Foerster LLP
12531 High Bluff Drive
San Diego, CA 92130-2040
Tel: (858) 720-5100 / Fax: (858) 720-5125
Email: EBosman@mofo.com
Email: JuliePark@mofo.com
Email: ABarlow@mofo.com
**Attorneys for Defendant, PELOTON INTERACTIVE. INC.**