FILED

APR 1 7 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.S., a minor, by and through his Guardian ad Litem Eunjin Stern; EUNJIN STERN, an individual; WILLIAM STERN, an individual,, <br><br> Plaintiff, <br><br> v. <br><br> PELOTON INTERACTIVE, INC., a Delaware corporation; DOES 1 through 50, inclusive, <br><br> Defendant. | Case No.: 3:21-cv-01367-BEN-DEB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY** <br><br><br><br><br> **[ECF No. 65]** |

## I.   **INTRODUCTION**

Plaintiff S.S., a minor, by and through his Guardian ad Litem Eunjin Stern ("S.S."); Eunjin Stern, an individual ("Mrs. Stern"); and William Stern, an individual ("Mr. Stern") (collectively, "Plaintiffs") bring this action against Defendant Peloton Interactive, Inc., a Delaware corporation ("Defendant") for injuries allegedly sustained in connection with Defendant's Tread+ treadmill (the "Tread+"). Before the Court is Defendant's Motion to Exclude Expert Testimony. ECF No. 65. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 70. After considering the papers submitted, supporting

-1-

1 documentation, and applicable law, the Court **DENIES** Defendant's Motion to Exclude

2 Expert Testimony.

3 **II.    BACKGROUND**

4      **A.    Statement of Facts**

5      According to the Complaint, around March 2020, while Mr. Stern was exercising on

6 the Tread+, his three-year-old son, S.S., approached the rear of the Tread+ without Mr.

7 Stern's knowledge and was pulled under the 450-pound machine, with Mr. Stern's added

8 body weight of 150 pounds. ECF No. 1-2 ("Compl.") at 3, ¶¶ 1, 5, 10. As soon as Mr.

9 Stern realized his child was stuck underneath the Tread+, he dismounted and attempted to

10 remove him, but S.S. was repeatedly sucked back under the Tread+. *Id.* at 3, ¶ 1. Mrs.

11 Stern came to help. *Id.* Both parents attempted to pull S.S. from underneath the Tread+

12 by his hands, shoulders, and torso, but they were unable to successfully remove him. *Id.*

13 at 3, ¶ 2. Mr. Stern attempted to lift the Tread+ but this failed as well. *Id.* Mr. Stern was

14 able to remove S.S. when Mrs. Stern triggered the Tread+'s ripcord, which caused the

15 Tread+ to come to a halt. *Id.* at 3–4, ¶ 2. Plaintiffs allege that S.S. sustained injuries along

16 his arms and shoulders, including but not limited to contusions along his torso, stomach,

17 and ribs, as well as a laceration and permanent scarring to his stomach. *Id.*

18      Around May 2021, Defendant issued a recall of its Tread+ Treadmills after the

19 United States Consumer Product Safety Commission (the "CPSC") cautioned parents

20 against the use of the machines due to the risk of injury and death. *Id.* at 4, ¶ 3. The CPSC

21 learned of numerous other incidents of children being sucked beneath the treadmills. *Id.*

22      **B.    Procedural History**

23      On May 7, 2021, Plaintiffs filed suit against Defendant in state court, alleging six

24 causes of action for: (1) negligence; (2) negligent infliction of emotional distress; (3)

25 negligent infliction of emotional distress; (4) intentional misrepresentation; (5) negligent

26 misrepresentation; and (6) intentional concealment. *See* Compl. Defendant removed the

27 case to this Court. The parties engaged in discovery and on January 18, 2023, Defendant

28 filed the instant Motion to Exclude Expert Testimony. ECF No. 65 ("Motion"). Plaintiffs

1    filed an Opposition, *see* ECF No. 68 ("Oppo."), and Defendant replied, *see* ECF No. 69.

2    **III.   LEGAL STANDARD**

3           Rule 702 of the Federal Rules of Evidence set forth the following requirements to

4 establish admissibility of expert opinion evidence: (1) the witness must be sufficiently

5 "qualified as an expert by knowledge, skill, experience, training, or education;" (2) the

6 scientific, technical, or other specialized knowledge must assist the trier of fact" either "to

7 understand the evidence" or "to determine a fact in issue;" (3) the testimony must be "based

8 on sufficient facts and data;" (4) the testimony must be "the product of reliable principles

9 and methods;" and (5) the expert must reliably apply the principles and methods to the facts

10 of the case. "District courts have broad discretion under Rule 702 . . . . concerning the

11 admissibility of expert testimony." *Shore v. Mohave Cnty., State of Ariz.*, 644 F.2d 1320,

12 1322 (9th Cir. 1981) (citations omitted).

13           When evaluating expert testimony, the trial court is "a gatekeeper, not a fact finder."

14 *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (quoting *United States v. Sandoval-*

15 *Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)). "Shaky but admissible evidence is to be

16 attacked by cross examination, contrary evidence, and attention to the burden of proof, not

17 exclusion." *Primiano*, 598 F.3d at 564 (citation omitted). The district judge is "supposed

18 to screen the jury from unreliable nonsense opinions, but not exclude opinions merely

19 because they are impeachable." *Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.*, 738

20 F.3d 960, 969 (9th Cir. 2013). Simply put, "[t]he district court is not tasked with deciding

21 whether the expert is right or wrong, just whether his testimony has substance such that it

22 would be helpful to a jury." *Id.* at 969–70. "When an expert meets the threshold

23 established by Rule 702 as explained by the Supreme Court in Daubert and its progeny, the

24 expert may testify and the jury decides how much weight to give that testimony."

25 *Primiano*, 598 F.3d at 565. "Trial courts have 'broad discretion' in this analysis," *see*

26 *Mathis v. Milgard Mfg., Inc.*, No. 3:16-cv-02914-BEN-JLB, 2019 WL 482490, at *1 (S.D.

27 Cal. Feb. 7, 2019) (quoting *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir. 2000)),

28 and the tests for admissibility in general, and reliability, are flexible. *Primiano*, 598 F.3d

1    at 564.

2    **IV.**    <u>**DISCUSSION**</u>

3        Defendant seeks to exclude the expert testimony of Dr. Miele, arguing it is

4    inadmissible under Federal Rule of Evidence 702. Motion at 7. Defendant argues that Dr.

5    Miele's testimony is: "(1) irrelevant and would not help the trier of fact; (2) not based on

6    sufficient facts or data; (3) not based on reliable principles and methods; and (4) not based

7    on a reliable application of the principles and methods to the facts of the case." *Id.*

8    Defendant further states that the testimony "improperly states legal conclusions and

9    extends to issues outside [Dr. Miele's] limited expertise." *Id.* at 7–8.

10        Plaintiffs counter that Dr. Miele was retained to serve as a "<u>standard of care expert</u> .

11    . . for the purpose of opining [] [on] whether Defendant breached the applicable fitness

12    industry standard of care by selling treadmills to consumers that have the proclivity of

13    pulling and entrapping children underneath treadmills." Oppo. at 1–2. Plaintiffs argue that

14    Defendant "missed the mark in terms of the purpose of a standard of care expert by

15    emphasizing warnings in its briefing, for example." *Id.* at 2. Instead, Plaintiffs assert they

16    are utilizing Dr. Miele based on her more than 30 years of experience in the fitness

17    equipment, sports recreation, and fitness industries to address whether the applicable

18    standard of care was breached in this case. *Id.*

19       **A.**    <u>**Qualifications**</u>

20        Defendant argues that Dr. Miele's opinions extend beyond her qualifications and

21    area of expertise. Motion at 17. Defendant contends that "Dr. Miele is not qualified to

22    opine on the adequacy of the Tread+ warnings because she lacks necessary human factors

23    qualifications." *Id.* Defendant then draws a distinction between an expert qualified to

24    provide an opinion on whether a warning is necessary versus an expert qualified to provide

25    an opinion on whether a warning is adequate. *Id.* Finally, Defendant argues that Dr. Miele

26    opines on various subjects that she herself admits are not within her expertise, including:

27    (1) the Tread+ rear guard prototype in her Report; (2) that Defendant's marketing "provides

28    a false sense of security" and misleads consumers; and (3) the purported effect Defendant's

-4-

1  advertising had on the Sterns. *Id.* at 18.   However, Defendant asserts that Dr. Miele

2  admitted she does not have experience in engineering, or the effect advertisements have on

3  a person's perception. *Id.*

4        Plaintiffs argue that "Dr. Miele is qualified to testify regarding the applicable

5  standard of care in the fitness industry that extends to a treadmill manufacturer (and has

6  been qualified to testify at trial)." Oppo. at 7.  Plaintiffs contend that "outside of serving

7  as a forensic consultant for sporting equipment, sport fitness and recreation safety, [Dr.

8  Miele] holds a Doctorate in Psychology with an emphasis on Sport and Exercise and an

9  undergraduate degree in Exercise Science and Physical Education." *Id.*  Plaintiffs further

10  argue that "Dr. Miele has worked with numerous sports, fitness and recreational facilities

11  around the country performing risk analysis involving sports fitness/exercise and sports

12  equipment." *Id.*  Plaintiffs also cite Dr. Miele's experience as an adjunct professor, her

13  certification as a Life Fitness Equipment Technician (among others), that she sits on two

14  committees through the American College of Sports Medicine, and prior experience in

15  which she worked to prevent sports injuries and perform risk analysis involving fitness

16  equipment. *Id.* at 7–8.

17        The Court finds that Dr. Miele's experience in the field qualifies her to opine on

18  standards of care as they relate to fitness equipment.  In this case, Dr. Miele's experience

19  in risk management and working with treadmills specifically, qualifies her to provide

20  opinions as to the Tread+ warnings or lack thereof.  Dr. Miele has been in the forensic

21  consulting industry—as it relates to fitness, injury prevention, and more—since 2007. *See*

22  Ex. 5 to Motion at 10–11.  Dr. Miele also has experience teaching risk management and

23  articulating standards of care.  Dr. Miele's testimony on a potential rear guard does not

24  require expertise in mechanical engineering or design. The opinions to be offered are based

25  on Dr. Miele's experience working on and with treadmills and general concepts of safety

26  in the industry.   Whether her opinions should be afforded evidentiary weight and how

27  much weight, is for the jury to decide.  Defendant may cross-examine Dr. Miele as to her

28  credibility and qualifications, including any lack of experience, at trial.  For purposes of

1  Defendant's Motion to Exclude, however, Dr. Miele has sufficient experience and skill in

2  the industry to qualify as an expert witness. *See Stone Brewing Co., LLC v. MillerCoors*

3  *LLC*, No. 3:18-cv-00331-BEN-LL, 2020 WL 907060, at *7 (S.D. Cal. Feb. 25, 2020) ; *see*

4  *also infra* Part IV.C.

5      **B.      Relevance**

6      "The requirement that expert testimony 'assist the trier of fact' either 'to understand

7  the evidence' or 'to determine a fact in issue' goes primarily to relevance." *Stone Brewing*

8  *Co.*, No. 3:18-cv-00331-BEN-LL, 2020 WL 907060, at *7 (quoting *Daubert v. Merrell*

9  *Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)).  "Expert opinion testimony is relevant if

10 the knowledge underlying it has a valid connection to the pertinent inquiry." *Stone*

11 *Brewing Co.*, No. 3:18-cv-00331-BEN-LL, 2020 WL 907060, at *7 (quoting *Primiano*,

12 598 F.3d at 565).

13     Defendant argues Dr. Miele admitted "that different warnings—including warnings

14 that directly addressed the risk of pull-under—would not have prevented the incident."

15 Motion at 8.  Essentially, Defendant argues that because Dr. Miele's testimony on the

16 adequacy of the warning cannot show that the alleged failure to warn caused the incident,

17 her testimony is irrelevant and should be excluded. *Id.* at 9.  Defendant also claims, "Mr.

18 Stern testified that he did not read the warnings located on the treadmill and if he had

19 received the user manual or safety card, he would not have read them." *Id.*  As such,

20 Defendant argues "that any change to the warnings would have been futile because Mr.

21 Stern did not read [Defendant]'s warnings." *Id.* at 10.  Plaintiffs counter that "[u]nless the

22 jury is aware of the applicable standard of care in the fitness industry that extends to

23 treadmill manufacturers and sellers, the trier of fact will . . . benefit from Dr. Miele's

24 testimony."  Oppo. at 8.  The conclusions cited in Dr. Miele's expert report are that

25 Defendant:

26

27     1. [F]ailed to properly inform and warn the public regarding specific hazards
          of its Treadmill+, such as children, pets, and objects potentially being
28        pulled and trapped beneath the equipment. This violated the fitness

-6-

industry's standard of care, created a dangerous condition, and increased the risk of S.S.'s emotional and physical injuries[;] [and]

2. [F]ailed to properly instruct the public about its safe and proper uses. By failing to do so, [Defendant] created a dangerous condition increasing the risk of S.S.'s emotional and physical injuries.

Ex. 5 to Motion at 8.  However, Dr. Miele testified that a specific reference to the risk of pull-under would not have prevented this accident, "because there was nothing safeguarding and preventing a child from being pulled under and becoming entrapped under the treadmill." Ex. 6 to Motion at 50.  As to Mr. Stern, he apparently did not testify that he would not have read the warning if it had been provided.  Instead, he indicated that he might not have, but "couldn't say." *See* Ex. 4 to Motion at 9–10.  Although Dr. Miele's—and to some extent, Mr. Stern's—testimony appear to undercut Dr. Miele's conclusions regarding the adequacy of Defendant's Tread+ warnings and whether the Tread+ failed to meet the standard of care/best practices, the deposition testimony goes more to the strength of the evidence than it does to the relevance.

Defendant's arguments may be persuasive but do not require exclusion of Dr. Miele's testimony based on lack of relevance.  Defendant may cross-examine and attempt to impeach Dr. Miele at trial.  Despite the alleged admissions by Dr. Miele and Mr. Stern in deposition testimony, Dr. Miele's opinions may assist the trier of fact in determining whether Defendant met the standard of care in the industry for marketing and supplying instructions/warnings for the Tread+.  Accordingly, the Court exercises its broad discretion under Rule 702 and finds the proposed opinion testimony at issue sufficiently relevant under Rule 702. *See Rosenberg v. Renal Advantage, Inc.*, No. 11-cv-02152-GPC-KSC, 2013 WL 3205426, at *3 (S.D. Cal. June 24, 2013) (citing *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir. 2000), *aff'd*, 649 F. App'x 580 (9th Cir. 2016) (explaining that a district court has broad discretion in assessing relevance)).

**C.    Reliability**

The test for reliability under Rule 702 is flexible. *Primiano*, 598 F.3d at 564. The

-7-

Supreme Court has provided several factors to determine reliability: (1) whether a theory or technique is testable; (2) whether it has been published in peer reviewed literature; (3) the error rate of the theory or technique; and (4) whether it has been generally accepted in the relevant scientific community. *Mukjtar v. Cal. State Univ.*, 299 F.3d 1053, 1064 (9th Cir. 2002) (summarizing *Daubert*, 509 U.S. at 592–94), *overruled on other grounds by Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 460 (9th Cir. 2014). These factors are meant to be "helpful, not definitive." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999). The court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on the particular circumstances of the particular case." *Primiano*, 598 F.3d at 564 (citations and quotation marks omitted). Once the threshold established by Rule 702 is met, the expert may testify, and the fact finder decides how much weight to give that testimony. *Primiano*, 598 F.3d at 565; *see also Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014).

Defendant argues that "Dr. Miele failed to apply any methodology in forming her opinions on warnings, which is grounds to exclude her testimony." Motion at 13. Defendant contends that Dr. Miele explained the proper methodology but did not use that methodology, or any similar process and instead, "admitted she has never seen [Plaintiffs'] Tread+ or ever used a Tread+." *Id.* at 14. Defendant further argues that Dr. Miele's expert report and deposition testimony show that she did not review or inspect: (1) the warnings on Plaintiffs' Tread+; (2) the location where the incident occurred; (3) the Tread+ safety card; (4) any of the five safety standards the Tread+ was certified to; or (5) the documents certifying the Tread+ to the relevant safety standards. Motion at 10. Defendant argues that Dr. Miele's failure to review and/or inspect the equipment and information "establishes that her opinions are merely speculative and unreliable." *Id.* at 11. Defendant argues based on Dr. Miele's lack of review, she does not have the foundation necessary to opine on Defendant's warnings. *Id.* at 11–12.

Defendant further argues that Dr. Miele ignored standards involving home/residential exercise equipment and instead, relied on standards applicable to

1  commercial gyms. *Id.* at 13. Defendant further argues that Dr. Miele sits on a committee

2  that plays a role in developing these widely accepted standards, but she still ignored them.

3  *Id.* Defendant argues that Dr. Miele's opinions are also unreliable because she identified

4  no deficiencies with the Tread+ warnings, nor did she provide alternative warnings. *Id.* at

5  15. Defendant cites Dr. Miele's deposition testimony, arguing she admitted to not having

6  an opinion as to what the warnings should say, nor did she have an opinion on where the

7  warning sticker should be placed or the most effective way to convey the warning to

8  consumers. *Id.* Defendant also points out that Dr. Miele does not point to a single Tread+

9  warning and instead, provides broad opinions. *Id.*

10  　　　Plaintiffs argue that Dr. Miele is a non-scientific expert and as such, scientific

11  reliability of testing or peer review do not apply here. Oppo. at 8. Plaintiffs contend that

12  "Dr. Miele's testimony is sufficiently reliable because it is based on over 30 years of

13  personal knowledge and experience in sports fitness, recreation and sports equipment." *Id.*

14  Finally, Plaintiffs argue that "Dr. Miele has used, instructed others on the use of, tested,

15  inspected and performed risk analysis on fitness equipment, including treadmills . . . . and

16  that Defendant's Motion fails to include expert opinions in support of their contention

17  regarding Dr. Miele's methodology." *Id.* The Court finds Dr. Miele's opinions to be

18  sufficiently reliable to be admissible.

19  　　　"The Ninth Circuit has found opinions based on an expert's experience in the

20  industry to be proper: 'When evaluating specialized or technical expert opinion testimony,

21  the relevant reliability concerns may focus upon person knowledge or experience.'" *GSI*

22  *Tech., Inc. v. Cypress Semiconductor Corp.*, No. 11-cv-03613-EJD, 2015 WL 364796, at

23  *2 (N.D. Cal. Jan. 27, 2015) (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645,

24  655 (9th Cir. 2006)). "Subjective beliefs and opinions are proper expert testimony." *Id.*

25  Here, Dr. Miele has extensive experience working in the fitness industry and with fitness

26  equipment, including treadmills. Her experience working with clients using fitness

27  equipment, being certified as a Life Fitness Equipment Technician, and teaching risk

28  management with respect to fitness equipment, suffices for an expert opinion based on

specialized experience.  *See* Ex. 5 to Motion at 10–22; Ex. 6 to Motion at 11, 13–14, 16–17, 40.  *See Stone Brewing Co.*, No. 3:18-cv-00331-BEN-LL, 2020 WL 907060, at *9 (explaining that the expert's experience in the field qualified testimony relating to that field).

The fact that: (1) Dr. Miele did not inspect the Sterns' Tread+ and other documents specific to the device; or (2) that Dr. Miele's experience is working with commercial fitness equipment rather than residential equipment, may well undercut the weight to be given her opinions.  Nevertheless, "[e]xperts are not required to have previous experience with the product at issue; rather, they must be qualified to testify by 'by knowledge, skill, experience, training or education.'"  *Czuchaj v. Conair Corp.*, No. 3:13-cv-01901-BEN-RBB, 2016 WL 4414673, at *3 (S.D. Cal. Aug. 19, 2016) (quoting *Myrick v. U.S. Saws, Inc.*, No. C11-1837Z, 2013 WL 766192, at *4 (W.D. Wash. Feb. 28, 2013)).  Here, Dr. Miele has experience with treadmills in general and has seen a Tread+ in person, even though it was not Plaintiffs' Tread+.  *See* Ex. 6 to Motion at 4–6.  Dr. Miele's expert report suggests she is somewhat familiar with the device at issue, listing 20 documents that she reviewed, including Plaintiffs' Complaint, discovery responses, deposition transcripts, Defendant's blog (classes and workouts), Defendant's marketing materials, Tread+ verifications, the Tread+ User Manual (Pel Stern 000002), the Tread+ Recall Notice (Pel Stern 000044), and the Consumer Product Safety Commission's warnings on using the Tread+ (Pel Stern 000034).  Ex. 5 to Motion at 2–3.

Dr. Miele says she has taught a risk management class related to fitness equipment, which involved evaluating warnings to ensure proper use of equipment.  *Id.* at 13–14.  Furthermore, she says that some of her fitness and training certifications relate to treadmills.  *Id.* at 17.  Dr. Miele says she attended a five-day course learning about treadmills, and the training included "how to properly maintain them."  *Id.*  She says that the training related to both commercial and consumer treadmills.  *Id.* at 17–18.  And while the testimony is not entirely clear, Dr. Miele also appears to state that she has a Life Fitness Certification that relates to home fitness equipment.  *Id.* at 18.  Dr. Miele's opinion

-10-

1 | distinguishes between the commercial standard and the standard for residential equipment,
2 | opining that a heightened standard of care exists in the consumer context, because
3 | consumers rely more on warnings and proper instructions. *Id.* at 43. Whether her opinions
4 | are helpful are for a jury to determine.

5 | As to the argument that Dr. Miele pointed to no deficiencies or alternative warnings
6 | Defendant could have used, the argument appears to be a misinterpretation. Dr. Miele's
7 | deposition testimony records some discussion about a specific deficiency in the warning,
8 | stating that it only said to keep pets and children away from the treadmill[1] but that "[t]he
9 | general public and the consumer has the right to know what the danger could be if there is
10 | something in terms of danger." *Id.* at 48. Dr. Miele testified that the risk here was a pulling
11 | hazard at the back of the treadmill. *Id.* Dr. Miele further opined that the Tread+ should
12 | have been removed from circulation when Defendant learned that objects and children
13 | could be pulled under, similar to in a commercial gym. *Id.* at 50–51. Dr. Miele explained
14 | the basis of her opinion mentioning Defendant's supposed knowledge that anything could
15 | come into contact with the Tread+ belt and set under the 450-pound machine. *Id.* at 55.
16 | The opinion is based at least in part on an email sent to Defendant about a child being
17 | sucked under (in 2019) and reports Defendant received prior to Plaintiffs' incident. *Id.* at
18 | 55–56. Dr. Miele also discussed the marketing materials, which include a picture of a
19 | parent and child working out together next to a Tread+. *Id.* at 54. Although Dr. Miele did
20 | not perform a scientific test, her opinion appears to be one based on her experience and
21 | knowledge in the industry and her understanding of operating a treadmill. Whether those
22 | opinions are correct is not for the Court to decide. *See Stone Brewing Co.*, No. 3:18-cv-
23 | 00331-BEN-LL, 2020 WL 907060, at *2 (quoting *Daubert v. Merrell Dow*
24 | *Pharmaceuticals, Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ("[T]he test under *Daubert* is

---

26 | [1]   Defendant argues that Dr. Miele did not review Tread+ warnings, but Dr. Miele
27 | appears to quote them in her deposition testimony. Foundation must be established at trial
28 | but for purposes of this Motion to Exclude, the Court cannot say that Dr. Miele did not
review the applicable warnings.

1   not the correctness of [experts'] conclusions but the soundness of [their] methodology.")).

2   A finding that Dr. Miele may testify as an expert provides no opinion as to the

3   strength or credibility that should be afforded the testimony.  Those questions are for the

4   jury, and the Court reserves the right to respond to objections made during any trial

5   testimony.

6   **Legal Conclusions**

7   Defendant argues that Dr. Miele's opinions and testimony are inadmissible because

8   she provides only legal conclusions to be decided by the trier of fact.  Motion at 16–17.

9   Defendant also argues that "[t]o the extent Dr. Miele offers an opinion on [Defendant]'s

10  knowledge or state of mind," those opinions are inappropriate expert testimony. *Id.* at 17.

11  Based on the deposition testimony and expert report provided, at this point, the Court finds

12  Dr. Miele's findings and explanations to be opinions of the Tread+ and its warnings, and

13  not legal conclusions.  Dr. Miele provided reasoning for these opinions in her testimony

14  and that reasoning will be subject to cross-examination at trial.  But her opinions are not

15  legal conclusions just because they to go to the adequacy of the warnings. *See Vasquez v.*

16  *Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM, 2023 WL 2167245, at *27 (E.D. Cal.

17  Feb. 22, 2023) ("Boedeker's opinions are not legal conclusions just because they embrace

18  an ultimate issue in the case."); *cf. Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d

19  998, 1017 (9th Cir. 2004) (quoting *Specht v. Jensen,* 853 F.2d 805, 809 (10th Cir.1988)

20  ("[A] witness may refer to the law in expressing an opinion without that reference

21  rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid

22  the jury in understanding the facts in evidence even though reference to those facts is

23  couched in legal terms.").  The Court reserves the right to hear objections during Dr.

24  Miele's trial testimony but for purposes of the instant Motion, Defendants have not shown

25  that Dr. Miele's opinions are subject to exclusion.

26  **V.   CONCLUSION**

27  The Court exercises its broad discretion under Rule 702 and denies Defendant's

28  Motion to Exclude Expert Testimony. *See Leeds LP v. United States*, No. 08-cv-00100-

-12-

1  BTM-BLM, 2010 WL 3911429, at *2 (S.D. Cal. Oct. 5, 2010) (citing *Hangarter v.*
2  *Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004)) ("[T]rial judges are
3  entitled to broad discretion in determining both whether an expert's non-scientific
4  testimony is reliable and how to measure reliability.")).

5       **IT IS SO ORDERED.**

6  DATED:    April 17, 2023

7                                                        _____
                                                          **HON. ROGER T. BENITEZ**
8                                                          United States District Judge

-13-