1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.S., a minor, by and through his Guardian ad Litem Eunjin Stern; EUNJIN STERN, an individual; WILLIAM STERN, an individual,,<br><br>          Plaintiffs,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., a Delaware corporation; DOES 1 through 50, inclusive,<br><br>          Defendant. | Case No.:  3:21-cv-01367-BEN-MMP<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**[ECF No. 109]** |

## I.   INTRODUCTION

Plaintiff S.S., a minor, by and through his Guardian ad Litem Eunjin Stern ("S.S.") and Eunjin Stern, an individual ("Mrs. Stern"), bring this action against Defendant Peloton Interactive, Inc., a Delaware corporation ("Peloton") for injuries allegedly sustained in connection with Defendant's Tread+ treadmill (the "Tread+").   Before the Court is Plaintiffs' Motion for Leave to Amend their Complaint.  *See* ECF No. 109.  The briefing was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 116.  After considering

-1-

the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Plaintiffs' Motion for Leave to Amend their Complaint.[1]

## II.   BACKGROUND

The facts of this case have been summarized repeatedly in this Court's prior Orders and will not be reiterated here.  *See* ECF Nos. 15, 87, 107.

On May 7, 2021, Plaintiffs filed suit against Peloton in state court, alleging six causes of action for: (1) negligence; (2) negligent infliction of emotional distress by S.S. as a direct victim; (3) negligent infliction of emotional distress by Mr. and Mrs. Stern as bystanders; (4) intentional misrepresentation; (5) negligent misrepresentation; and (6) intentional concealment.  *See* Compl.  Defendant removed the case to this Court.

In August 2021, Peloton filed a Motion to Compel Arbitration, *see* ECF No. 11, which this Court granted-in-part, compelling Mr. Stern and Peloton to arbitration to determine the question of arbitrability—Mrs. Stern and S.S., however, are not bound by the arbitration agreement.  *See generally* ECF No. 15.  The parties engaged in discovery and on January 18, 2023, Peloton filed a Motion to Exclude Expert Testimony, *see* ECF No. 65, which this Court denied, *see* ECF No. 87.

On October 27, 2023, the Court ruled on the parties' Pretrial Briefs regarding requests to exclude various evidence and claims at trial.  ECF No. 107.  In that Order, the Court found that Plaintiffs' negligence *per se* theory could not be set forth at trial because allegations of such were not included in the Complaint.  *Id.*  On November 3, 2023, Plaintiffs filed the instant Motion for Leave to Amend their Complaint Pursuant to Rule 15 of the Federal Rules of Civil Procedure.  ECF No. 109.  Peloton opposed.  ECF No. 114. Plaintiffs replied.  ECF No. 115.

## III.   LEGAL STANDARD

Once a responsive pleading is filed, a plaintiff can amend a complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Courts

---

[1]    Plaintiffs requested oral argument on the matter but after review of the briefing and applicable law, the Court finds oral argument unnecessary to resolve the instant dispute.

have broad discretion to grant leave to amend a complaint.  *Cf. Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is to be granted with "extreme liberality").  "A district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020) (holding that "the district court did not abuse its 'particularly broad' discretion in denying leave to amend") (citing *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)).

## IV.  **DISCUSSION**

Plaintiffs seek leave to amend their Complaint to add a negligence *per se* theory of liability.  Peloton argues that it would be prejudiced by the amendment because Plaintiffs unduly delayed their request.  As set forth below the Court agrees with Peloton and **DENIES** Plaintiffs' Motion for Leave to Amend their Complaint.

### A.  **Undue Delay**

Plaintiffs contend they did not delay their request for amendment because "the civil penalty and statutory findings [giving rise to the negligence *per se* claim] were only released to the public on January 5, 2023," which Plaintiffs learned of later.  ECF No. 109-1 at 5.  Plaintiffs assert that Peloton, however, "knew of the CPSC proceeding and investigation since 2021 . . . ."  *Id.*  Plaintiffs further argue that they "do not seek leave for any improper purpose (e.g., bad faith, dilatory aspirations or otherwise) as Plaintiffs simply seek leave for the purpose of asserting facts that are pertinent to negligence per se and to ensure Plaintiffs are able to put on their case and chief at trial."  ECF No. 109-1 at 5. Finally, Plaintiffs argue that the amendment is not futile, because "negligence *per se* is central to Plaintiffs' case in chief and will necessarily expedite the jury trial in this case . . . ."  *Id.*

Plaintiffs do not explain why they waited nearly eight months after learning of the documents that gave rise to the negligence *per se* theory—from March 2023 to November

2023—to file their Motion for Leave to Amend.  The law is clear in that negligence *per se* allegations must be sufficiently pled.  Plaintiffs only sought leave to amend after the Court clarified that the allegations of negligence *per se* were untimely and not included in the Complaint.  Plaintiffs provide no explanation in their briefing as to why they did not seek leave to amend in March 2023, when they learned of the documents.  Plaintiffs were not diligent in seeking leave to amend and provide no reason justifying the delay between March and November 2023.[2]  *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (finding undue delay in seeking amendment where the facts at issue were available to the moving party well before the amendment was sought).

Undue delay is not a dispositive factor but is relevant to the analysis.  *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Morongo Band of Mission Indians*, 893 F.2d at 1079).  Here, the delay at issue weighs in favor of denying Plaintiffs' Motion for Leave to Amend the Complaint.  *Lockheed Martin Corp.*, 194 F.3d at 986 (finding the district court did not abuse its discretion in denying leave to amend in part because of the moving party's delay in seeking amendment, as well as its failure to explain the delay).

### B. <u>Prejudice</u>

Plaintiffs argue that any amendment to the Complaint will not unduly prejudice Peloton. Plaintiffs explain that since the start of litigation, they maintained "a cause of action for negligence, and [] [the] addition of negligence per se (an evidentiary doctrine) is based on the same facts referenced in . . . [the] current/operative Complaint, and those disclosed" during discovery. ECF No. 109-1 at 5.  Plaintiffs further argue that no trial has been set and "the inclusion of negligence *per se* will not alter any of [Peloton's] purported defenses." *Id.*

---

[2]   The Court finds unpersuasive Plaintiffs' argument that their negligence *per se* theory is central to their case in chief, given that they did not plan to include this theory before becoming aware of the CPSC documents in March 2023 (after one year and eight months of ongoing litigation).

-4-

Peloton responds that it "would be significantly prejudiced by Plaintiffs' proposed amendment," because "[f]act and expert discovery have been closed for more than one year, the parties have already submitted pretrial disclosures, and the pretrial conference is now scheduled for next month." ECF No. 114 at 17. Peloton asserts that it should not be prejudiced this late in litigation for Plaintiffs' lack of diligence. *Id.* Peloton further argues that the negligence *per se* amendment "would require the preparation of additional defenses just before trial and potentially reopen discovery, including expert discovery." *Id.* at 18. Peloton explains that "[t]o date, Plaintiffs' proposed theory of negligence had been limited to the particular incident that purportedly caused Plaintiffs' injuries." *Id.* Adding negligence *per se* "premised on purported violations of a federal statute regulated by a government agency would require Peloton to support and put forward additional defenses." *Id.*

The Court tends to agree with Peloton on this point. Although negligence *per se* constitutes an evidentiary doctrine, as detailed in this Court's prior Order, it must be sufficiently pled like all other theories of liability. *See* ECF No. 107. Plaintiffs did not include negligence *per se* allegations in their Complaint and waited until after the Court pointed this out to file the instant Motion for Leave to Amend.[3] As Peloton notes, the Pretrial Conference will occur next month. Although the negligence *per se* claim relates to Plaintiffs' general negligence claim, it also involves application of federal statutory and agency law versus state common law, which would require Peloton to prepare new defenses at this late stage in litigation. The Court further agrees with Peloton that the new allegations would likely require additional discovery, which has been closed for over a year, while the case as a whole has been in litigation for almost two and a half years. *See Lockheed Martin Corp.*, 194 F.3d at 986 (citing *Solomon v. North Am. Life & Cas. Ins.*

---

[3]   Plaintiffs argue the Court invited them to seek leave to amend their Complaint in its Order on the parties' pretrial briefing. That is not the case. Instead, the Court pointed out that Plaintiffs did not seek leave to amend their Complaint before attempting to assert their untimely negligence *per se* allegations. *See* ECF No. 107.

-5-

*Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.")).

Despite Peloton's knowledge of the CPSC investigation, the operative Complaint never provided Peloton notice of Plaintiffs' negligence *per se* allegations.  As such, the Court finds that new allegations of negligence *per se* are likely to prejudice Peloton at this late stage in litigation, especially considering that Plaintiffs waited nearly eight months to seek leave to amend from the time they became aware of the documents.  *See Morongo Band of Mission Indians*, 893 F.2d at 1079 (affirming a trial court's denial of leave to amend in part because "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.").

### C.   <u>Discovery Related Arguments/Accusations</u>

Plaintiffs argue that denying their "request would not only constitute a deviation from well-settled legal authority but would reward [Peloton], who has withheld information and documents pertinent to Plaintiffs' negligence and negligence per se contention since the inception of this litigation."  ECF No. 109-1 at 5.  Plaintiffs further contend that denying the request would also "reward [Peloton] for its flagrant disregard of its duty to supplement its discovery responses and disclosures under Federal Rule of Civil Procedure 26."  ECF No. 109-1 at 5.

The Court will not grant Plaintiffs' Motion for Leave to Amend the Complaint based on these arguments.  The above issues should have been dealt with during discovery or set forth in other motions.  Here, Plaintiffs are asking the Court to grant leave to amend the Complaint—not to compel the production of documents or issue sanctions.  To be clear, the Court does not condone any withholding of documents or violation of discovery procedures, but that is not the issue briefed before the Court.  The question is whether Plaintiffs should be permitted leave to amend their Complaint based on documents that came to light between January and March 2023.   As noted above, the law is clear in that

negligence *per se* allegations must be set forth in a complaint if the theory is to be pursued. As such, even if Peloton did withhold documents—though the Court makes no such finding—that does not explain why Plaintiffs did not seek leave to amend their Complaint upon learning of the documents in March 2023.  Furthermore, as noted in this Court's prior Order, the CPSC documents are not necessarily excluded outright.  Any admissible CPSC documents relevant to Plaintiffs' general negligence claim can be introduced at trial.

The factors analyzed weigh in favor of denying Plaintiffs' Motion for Leave to Amend their Complaint, primarily because of the likely prejudice to Peloton given the late stage of this litigation, coupled with Plaintiffs lack of explanation for its eight-month delay in seeking leave to amend.  Accordingly, the Court exercises its broad discretion and **DENIES** Plaintiffs' Motion for Leave to Amend their Complaint.

## V.    **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Leave to Amend their Complaint is **DENIED**.

**IT IS SO ORDERED.**

DATED:    December 19, 2023

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-7-